


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br>v.<br><br>D-1 Sebastian Gregerson,<br>a/k/a Abdurrahman Bin Mikaayal,<br><br>Defendant. | No. 17-cr-20235<br><br>Hon. Arthur J. Tarnow<br><br>Offense:<br>18 U. S. C. §§ 922(a)(6), 924(a)(2), and 2<br>Aiding and Abetting A False Statement During the Purchase of A Firearm<br>**Maximum Penalty:**<br>Not more than 10 years (Count 4)<br>**Maximum Fine:**<br>Not to exceed $250,000<br>**Mandatory Supervised Release:**<br>Up to 3 years |

---

# Rule 11 Plea Agreement

---

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Sebastian Gregerson and the government agree as follows:

1. **Guilty Plea**

A. **Count of Conviction**

Defendant will enter a plea of guilty to Count Four of the Indictment brought against the defendant in the Eastern District of Virginia (case number 1:16-cr-

00292), which charges him with aiding and abetting a false statement during the purchase of a firearm, in violation of 18 U. S. C. §§ 922(a)(6), 924(a)(2), and 2.

B. **Elements of Offense(s)**

The elements of Count Four are as follows:

1. The defendant knowingly aiding and abetted the making of a false statement to a federally licensed firearms dealer;

2. The false statement was made in connection with the acquisition of a firearm; and

3. The statement was intended or likely to deceive such firearms dealer with respect to a fact material to the lawfulness of the sale of the firearm to the defendant.

C. **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty pleas:

On or about February 16, 2014, the defendant knowingly aided and abetted another individual in making false statements in connection with the purchase of a firearm. Specifically, between February 14 and 16, 2014, the defendant withdrew a total of $1600 in cash from ATM machines in Maryland. The defendant then accompanied another individual to a gun show in Chantilly, Virginia, where the individual purchased a Glock .357 caliber pistol for the defendant. The defendant

gave cash to the individual to make the gun purchase, and the defendant also identified the Glock .357 caliber pistol as the gun he wanted the individual to purchase. The defendant was present during the purchase and took immediate possession of the gun after the transaction was completed.

At the time of this transaction, the individual signed an ATF Form 4473 indicating that he was the buyer of this firearm when, in fact, the actual buyer of the firearm was the defendant. This statement was intended and likely to deceive the seller as to a fact material to the lawfulness of the sale of the firearm. The seller of the weapon was Trojan Arms & Tactical Inc. of Manassas, Virginia, a federally licensed firearms dealer.

At the time of the defendant's arrest in Michigan in July, 2016, the Glock .357 caliber pistol was recovered from his residence.

2. **Sentencing Guidelines**

A. **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B. **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, the defendant's guideline range is 6 to 12 months, as set forth on the attached worksheets. If the Court finds:

1. That defendant's criminal history category is higher than reflected on the attached worksheets, or

2. that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 6 to 12 months, the higher guideline range becomes the **agreed range**. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3. **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A. **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B. The government agrees that it will not oppose a defense request for a sentence concurrent to the sentence imposed in case number 16-cr-20552.

B. **Supervised Release**

A term of supervised release follows the term of imprisonment. The Court must impose a term of supervised release, which in this case may be no more than 3 years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

C. **Special Assessment**

Defendant will pay a special assessment of $100.00. The defendant is required to pay the special assessment immediately after sentence is imposed, and provide a receipt to the United States Attorney's Office within 24 hours of sentencing. The defendant is encouraged to voluntarily pay the special assessment before sentencing and bring the receipt to sentencing.

D. **Fine**

There is no agreement as to fines.

E. **Restitution**

Restitution is not applicable to this case.

4. **Forfeiture of Firearms**

Defendant agrees, under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), to forfeit all firearms and ammunition involved in the commission of his offense including, but not limited to, the following:

1. Beretta M9, 9mm caliber pistol, SN M9155913
2. Glock Model 31, .357 caliber pistol, SN WBB308

Defendant agrees to the entry of one or more orders of forfeiture incorporating the forfeiture of the above referenced firearms following defendant's guilty plea, upon application by the United States as mandated by Fed. R. Crim. P. 32.2. Defendant agrees that the forfeiture order will become final as to the defendant at the time entered by the Court.

Defendant hereby waives, releases and withdraws any and all claims he filed, if any, in the administrative forfeiture proceeding, petitions for remission and/or petitions for mitigation that defendant has filed with any law enforcement agency relating to the forfeiture of firearms and ammunition involved in his offense, if any, whether on behalf of himself or on behalf of any other person, and agrees to the forfeiture of the firearms and ammunition in any forfeiture proceeding, judicial or non-judicial.

Defendant further agrees to hold the United States, its agents and employees, harmless from any claims whatsoever in connection with the seizure and forfeiture of the firearms and ammunition referenced above.

Defendant knowingly, voluntarily, and intelligently waives any Double Jeopardy challenge or other challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the court to advise him of his rights with respect to forfeiture, set forth in Fed.R.Crim.P. 11(b)(1)(J).

Defendant expressly waives his right to have any determination regarding forfeiture whether by judge or by a jury under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

5. **Use of Withdrawn Guilty Plea**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under

Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

6. **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

7. **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 12 months, the defendant also waives any right he may have to appeal his sentence on any grounds. If the defendant's sentence of imprisonment is at least 6 months, the government waives any right it may have to appeal the defendant's sentence.

This waiver does not bar filing a claim of ineffective assistance of counsel in court.

8. **Consequences of Withdrawal of Guilty Plea or Vacation of Conviction**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

9. **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

10. **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

11. **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on April 27, 2017. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

Daniel L. Lemisch
Acting United States Attorney

Jonathan Tukel
Assistant United States Attorney
Chief, National Security

Cathleen M. Corken
Assistant United States Attorney

Date: 04/13/2017

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

David Tholen
Attorney for Defendant

4/18/17
Date

Sebastian Gregerson
Defendant

4/18/17
Date

| Defendant: | Sebastian Gregerson | Count: | 4 |
|---|---|---|---|
| Docket No.: | EDVA Case No. 16-00292 | Statute(s): | 18 U.S.C. 922(a), 924(a)(2), 2 |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

### 1. Base Offense Level and Specific Offense Characteristics (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2X2.1 | Aiding and Abetting | |
| 2K2.1(a)(7) | Prohibited Transactions Involving Firearms | 12 |
| | | |
| | | |
| | | |

### 2. Adjustments (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

| Defendant: | Sebastian Gregerson | Count: | 4 |
|---|---|---|---|
| Docket No.: | EDVA Case No. 16-00292 | Statute(s): | 18 U.S.C. 922(a), 924(a)(2), 2 |

### 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**12**

*********************

*If this is the only Worksheet A, check this box and skip Worksheet B.* ✓

*If the defendant has no criminal history, check this box and skip Worksheet C.* ✓

| Defendant: | Sebastian Gregerson | Count: | 4 |
|---|---|---|---|
| Docket No.: | EDVA Case No. 16-00292 | Statute(s): | 18 U.S.C. 922(a), 924(a)(2), |

# WORKSHEET B (Multiple Counts)

**Instructions (U.S.S.G. ch. 3, pt. D):**

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)
- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)
- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):
  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE:** COUNT(S) _________
   ADJUSTED OFFENSE LEVEL [ ] [ ] unit
2. **GROUP TWO:** COUNT(S) _________
   ADJUSTED OFFENSE LEVEL [ ] [ ] unit
3. **GROUP THREE:** COUNT(S) _________
   ADJUSTED OFFENSE LEVEL [ ] [ ] unit
4. **GROUP FOUR:** COUNT(S) _________
   ADJUSTED OFFENSE LEVEL [ ] [ ] unit
5. **TOTAL UNITS** [ ] units

| Defendant: | Sebastian Gregerson | Count: | 4 |
|---|---|---|---|
| Docket No.: | EDVA Case No. 16-00292 | Statute(s): | 18 U.S.C. 922(a), 924(a)(2), |

**6. INCREASE IN OFFENSE LEVEL**

1 unit —> no increase
1 1/2 units —> add 1 level
2 units —> add 2 levels
2 1/2 – 3 units —> add 3 levels
3 1/2 – 5 units —> add 4 levels
> 5 levels —> add 5 levels

**7. ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**

12

## 8. COMBINED ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 6 and 7.

12

| Defendant: | Sebastian Gregerson | Count: | 4 |
|---|---|---|---|
| Docket No.: | EDVA Case No. 16-00292 | Statute(s): | 18 U.S.C. 922(a), 924(a)(2), & |

# WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

## 1. PRIOR SENTENCES

**Prior Sentence of Imprisonment Exceeding 13 Months (U.S.S.G. §§ 4A1.1(a)):** — **3 POINTS**

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days (U.S.S.G. §§ 4A1.1(b)):** — **2 POINTS**

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences (U.S.S.G. §§ 4A1.1(c)):** — **1 POINT**

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

| Defendant: | Sebastian Gregerson | Count: | 4 |
|---|---|---|---|
| Docket No.: | EDVA Case No. 16-00292 | Statute(s): | 18 U.S.C. 922(a), 924(a)(2), ⊞ |

| **Date of Imposition** | **Status*** | **Offense** | **Sentence** | **Release Date**** | **Points** |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

* If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

** A release date is required in only two situations: (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

| Defendant: | Sebastian Gregerson | Count: | 4 |
| --- | --- | --- | --- |
| Docket No.: | EDVA Case No. 16-00292 | Statute(s): | 18 U.S.C. 922(a), 924(a)(2), ⊞ |

**2. COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

**3. PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

**4. TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.

0

**5. CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
| --- | --- |
| **0-1** | **I** |
| **2-3** | **II** |
| **4-6** | **III** |
| **7-9** | **IV** |
| **10-12** | **V** |
| **≥13** | **VI** |

I

| Defendant: | Sebastian Gregerson | Count: | 4 |
|---|---|---|---|
| Docket No.: | EDVA Case No. 16-00292 | Statute(s): | 18 U.S.C. 922(a), 924(a)(2), & |

## WORKSHEET D (Guideline Range)

**1. (COMBINED) ADJUSTED OFFENSE LEVEL**
Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B. **12**

**2. ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)** **2**

**3. TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2. **10**

**4. CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C. **I**

**5. CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**

a. Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

b. Criminal History Category: If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

**6. GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b. **6-12** months

| **Defendant:** | Sebastian Gregerson | **Count:** | 4 |
|---|---|---|---|
| **Docket No.:** | EDVA Case No. 16-00292 | **Statute(s):** | 18 U.S.C. 922(a), 924(a)(2), |

**7. STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

[ ] months

| **Defendant:** | Sebastian Gregerson | **Count:** | 4 |
|---|---|---|---|
| **Docket No.:** | EDVA Case No. 16-00292 | **Statute(s):** | 18 U.S.C. 922(a), 924(a)(2), |

# WORKSHEET E (Authorized Guideline Sentences)

**1. PROBATION**

a. Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

[X] 1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

[ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

[ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

b. Length of Term of Probation (U.S.S.G. § 5B1.2)

[X] 1. At least 1 year but not more than 5 years (total offense level ≥ 6)

[ ] 2. No more than 3 years (total offense level < 6).

c. Conditions of Probation (U.S.S.G. § 5B1.3)

**2. SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

[ ] a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

[X] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

**3. IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

| Defendant: | Sebastian Gregerson | Count: | 4 |
|---|---|---|---|
| Docket No.: | EDVA Case No. 16-00292 | Statute(s): | 18 U.S.C. 922(a), 924(a)(2), |

**4. SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

a. Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b. Length of Term of Supervised Release (U.S.S.G. § 5D1.2)

☐ 1. At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☒ 2. At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐ 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐ 4. The statute of conviction requires a minimum term of supervised release of ______ years

c. Conditions of Supervised Release (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

**5. RESTITUTION (U.S.S.G. § 5E1.1)**

☐ 1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

☐ 2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $______________.

| Defendant: | Sebastian Gregerson | Count: | 4 |
|---|---|---|---|
| Docket No.: | EDVA Case No. 16-00292 | Statute(s): | 18 U.S.C. 922(a), 924(a)(2), |

☐ 3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $__________________. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐ 4. The parties agree that the court ***may also*** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $__________________. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☒ 5. Restitution is not applicable.

**6. FINE (U.S.S.G. § 5E1.2)**

a. Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

| Minimum Fine | Maximum Fine |
|---|---|
| $4,000 | $40,000 |

| Defendant: | Sebastian Gregerson | Count: | 4 |
|---|---|---|---|
| Docket No.: | EDVA Case No. 16-00292 | Statute(s): | 18 U.S.C. 922(a), 924(a)(2), |

7. **Special Assessment(s) (U.S.S.G. § 5E1.3)**
The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are:
   - $100.00 for every count charging a felony ($400 for a corporation),
   - $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
   - $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
   - $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $ 100.00.

8. **Forfeiture (U.S.S.G. § 5E1.4)**

[X] Assets of the defendant will be forfeited.   [ ] Assets of the defendant will not be forfeited.

9. **Additional Applicable Guidelines, Policy Statements, and Statutes**

List any additional applicable guideline, policy statement, or statute.

______________________________

______________________________

10. **Upward or Downward Departure (U.S.S.G. ch. 5, pts. H & K)**
List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

______________________________

______________________________

______________________________

Rev. 07/13

BLANK PAGE