UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,              Cr. No. 17-20235

               v.                    HONORABLE ARTHUR J. TARNOW

SEBASTIAN GREGERSON,

               Defendant.

_____/

**DEFENDANT'S SENTENCING MEMORANDUM AND
REQUEST FOR CONCURRENT SENTENCE**

On December 14, 2016, Defendant was charged by Indictment in the Eastern

District of Virginia with Conspiracy to Provide False Statements During the Purchase of a

Firearm - a Berretta M9, 18 U.S.C. 371; Conspiracy to Provide False Statements During

the Purchase of a Firearm - a Glock 31; Aide and Abet False Statement During the

Purchase of a Firearm - a Beretta M9, 18 U.S.C. 922(a)(6), 924(a)(2), and 2; and Aide

and Abet False Statement During the Purchase of a Firearm - a Glock 31, 18 U.S.C.

922(a)(6), 924(a)(2), and 2.

On April 11, 2017, pursuant to plea negotiations in the instant case, and case #16-

20552, the case was transferred to the Eastern District of Michigan for purposes of a

guilty plea pursuant to Fed. R. CrimP. 20.  On May 2, 2017, Defendant pled guilty to

Count Four -  Aide and Abet False Statement During the Purchase of a Firearm - a Glock

31, pursuant to a Rule 11 Plea Agreement.  In the plea agreement, the parties anticipated a sentence range of 6-12 months.   This range was based on an Offense Level of 10 (Base - Prohibited Transaction + 12,  Acceptance -2)  and Criminal History Category of I (no prior criminal convictions).   In addition, under the terms of the agreement, "the Government agrees that it will not oppose a defense request for a sentence concurrent to the sentence imposed in case #16-20552."  (See, DK. #11, Rule 11, p. 5).  Finally, under the terms of the agreement, Defendant has also agreed to the forfeiture of both the Beretta and Glock firearms.  (See, Rule 11, p. 6).

In the Presentence Report, the Probation Department has calculated the same sentence range.  Defendant accepts these calculations.

Defendant respectfully requests this Court to (1) accept the Rule 11 Plea Agreement, and (2)  impose a sentence of 6 months imprisonment, concurrent to any sentence imposed in #16-20552, based on the sentencing factors in his case.

## I.

## THE SENTENCING FACTORS IN DEFENDANT'S CASE WARRANT A SENTENCE OF 6 MONTHS IMPRISONMENT

It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. Koon v. United States, 116 S. Ct. 2035, 2053 (1996).

2

With respect to the Guidelines, In <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the Supreme Court ruled that the Sentencing Guidelines no longer have the force and effect of law and are "effectively advisory". <u>Id.</u> at 743.  <u>Booker</u> returns substantial discretion to the sentencing judge to depart above and below the Guidelines range so long as such sentences are reasonable.  <u>United States v. Hines</u> 398 F.3d 713, 720 (6th Cir. 2005).   Post-<u>Booker</u>, the district court is empowered with greater discretion to consider the factors provided in 18 U.S.C. 3553(a) in determining a proper sentence.  That section provides the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.   Defendant submits that consideration of these factors warrants a sentence of 6 months imprisonment, concurrent to any sentence imposed in case #16-20552.

### A.

### NATURE AND CIRCUMSTANCES OF THE OFFENSE

The nature and circumstances surrounding the offense warrant a sentence of 6 months imprisonment.  The court in determining the particular sentence to be imposed shall consider the nature and circumstances of the offense.  <u>See,</u> 18 U.S.C. 3553.

The offense conduct in this case involved Defendant's participation with another uncharged individual (NL) in that individuals's making false statements in the purchase of a Glock pistol at a gun show.  The Virginia Indictment identifies the individual as "Unindicted Co-Conspirator 1."  This individual is known to all parties and was a former friend of Defendant's when he lived in Maryland.  Defendant provided funds for the

firearm and took possession of the firearm shortly after its purchase.  Defendant brought the firearm to Michigan when he moved here from Maryland.  During the execution of the search warrant at his residence, the Glock pistol was recovered.

At no time during the 16 month period of investigation did he use the firearm to commit any other offense, he did not display the firearm, and he did not discharge the firearm recklessly.  Furthermore, Defendant did not alter or attempt to conceal or obliterate the serial number on the firearm which allowed federal agents to accurately track its purchase.  Because of this information, federal agents were able to reconstruct the sale transaction and the involved seller and purchaser (NL).  Upon being granted immunity from any prosecution for his involvement, the purchaser (NL), implicated Defendant, who remains the only individual prosecuted for this offense.

During pretrial plea negotiations in case #16-20552, Defendant and Counsel were informed of the indictment in the Eastern District of Virginia.  Shortly thereafter, he began negotiations with the Government to resolve both of his cases.  These negotiations resulted in Rule 11 Plea Agreements in both cases.  Defendant's guilty pleas saved the Government the expense and resources associated with two federal criminal trials in two jurisdictions.

Finally, Defendant acknowledges his error in committing the instant offense.  He is remorseful for what he did and he accepts responsibility for his actions as demonstrated by his guilty plea before this Court.   Defendant submits that these factors warrant a sentence of 6 months imprisonment.

4

**B.**

**HISTORY AND CHARACTERISTICS OF DEFENDANT**

Defendant's history and characteristics warrant a sentence of 6 months.  The court, in determining the particular sentence to be imposed, shall consider the history and characteristics of the defendant.  See, 18 U.S.C. 3553.

As indicated in the Presentence Report, Defendant is 30 years old with no prior state or federal, felony or misdemeanor convictions.  This case and the related case, #16-20552, will represent his first felony convictions.

In addition, Defendant has family responsibilities to his wife and 4 year old twin sons.  As indicated in the Presentence Report,  prior to his incarceration, Defendant was a supportive and involved provider and parent in his family's life.  He was gainfully employed to support his family and provided daily care for his sons.

Finally, Defendant has a significant and documented educational and employment history.  At the time of his arrest he was working for Target and had worked there since 2014.  At that job he was responsible for stocking store shelves.  From 2010 until 2014, Defendant worked for Wal-Mart doing similar work both in Michigan and Maryland.  From 2008 to 2010, Defendant worked as a manager at Showcase Cinemas in Ypsilanti, Michigan.  In 2006, during and after he left college, Defendant worked for the Boys and Girls Club on the Cheyenne Nation reservation in Montana.

Defendant was enrolled at Henry Ford College at the time of his arrest.  He took courses in Criminal Justice and was in "good standing" with a 4.0 GPA.  Prior to that he took college courses at the Berea College in Berea, Kentucky.

## C.

### NEED TO PROVIDE PUNISHMENT, PROTECT THE PUBLIC, AND TO PROVIDE OTHER CORRECTIVE TREATMENT

A sentence of 6 months is sufficient to provide punishment, protect the public, and to provide Defendant with other corrective treatment.  Defendant has no prior convictions and has never been to prison.  A sentence within his guidelines is significant by any measure.  It has even greater impact on an individual who has never served any significant period of incarceration.

Defendant has been detained since his arrest on July 31, 2016.    During this period he has been housed at the Midland County Jail, the Dickerson Detention Facility, and FDC Milan. By the date of sentencing, he will have been detained 13 months.  This period of pretrial incarceration has certainly punished him for the offense conduct.  In addition, as a pre-sentence detainee, he does not have access to vocational, educational, or rehabilitative programs available in federal prisons.

Finally, a sentence greater than 6 months imprisonment is not necessary to protect the public from this "straw purchase" offense conduct.  At no time from the firearm's purchase in February 2014, until its recovery during the search warrant in July 2016, did

Defendant use the firearm in a reckless or dangerous manner or to commit any other offense.

Therefore, a sentence of 6 months imprisonment is, "sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, and punish Defendant for the offense conduct.

## II.

### DEFENDANT'S SENTENCE SHOULD BE CONCURRENT TO ANY SENTENCE IMPOSED IN THE RELATED CASE BEFORE THIS COURT

The Court's sentence in the instant case should run concurrent to any sentence imposed in case #16-20552, the other case before this Court, because both cases are chronologically, factually, and legally related.

Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings, including state proceedings. Setser v. United States, 132 S.Ct. 1463, 1468 (2012). Whether a sentence is to run consecutive to or concurrent with another sentence is a question left to the district court's discretion. United States v. Martin, 371 Fed. Appx. 602, 605 (6th Cir. 2010), citing United States v. Johnson, 553 F.3d 990, 997 (6th Cir. 2009). That discretion, however, is not unfettered. Id. Title 18 U.S.C. 3584 sets forth the Court's statutory authority for imposing a concurrent or consecutive sentence. Under the statute, if multiple terms of imprisonment are imposed on a defendant at the same time . . . the

terms may run concurrently, or consecutively.  See 18 U.S.C. 3584(a).  However, the statute notes that, "multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively.  Id.  In exercising its discretion, the Court, "shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)."  See, 18 U.S.C. 3584(b).

The factors set forth in section 3553(a) direct the court to consider the Sentencing Guidelines, including, "the kinds of sentences and sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines."  See, 18 U.S.C. 3553(a)(4)(A).  A district court has the discretion to impose consecutive or concurrent sentences pursuant to U.S.S.G. 5G1.3, upon consideration of the factors listed in 18 U.S.C. 3553(a) and the applicable guidelines and policy statements in effect at the time of sentencing.  United States v. Barahona-Sales, 524 Fed. Appx. 235, 240 (6th Cir. 2013).  Under U.S.S.G. 5G1.3(b), where a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction, the sentence for the instant offense shall be imposed . . . to run concurrently to the remainder of the undischarged term of imprisonment.  See, USSG 5G1.3(b)(2).

In the instant case, Defendant's two cases are undoubtably related.  As indicated in the Virginia Indictment and the Presentence Report, the Glock pistol was purchased on February 16, 2014 in Chantilly, Virginia at a gun show by Defendant's former friend, NL or "Unindicted Co-conspirator 1."   The Glock pistol remained in Defendant's possession

until it was seized by federal agents executing the search warrant at his residence, on July 31, 2016, in Detroit, Michigan.  In the other case, #16-20552, the Government has continuously asserted that Defendant was collecting firearms and ammunition in preparation for some future action.  (Government's Sentencing Memorandum, p. 8). After seizing the Glock pistol, because its serial number was intact, federal agents were able to run a trace on the firearm and determine where it was purchased and by whom. That information led federal agents to Defendant's former friend, "Unindicted Co-conspirator 1," who after being granted immunity from prosecution, told federal agents of Defendant's involvement in the Glock purchase and additionally that , "he was espousing such extremist support for ISIS that he ["Unindicted Co-conspirator 1"] considered reporting him [Defendant] to the FBI."  (Government's Sentencing Memorandum, p. 31).

 Finally, the Glock firearm, which is the subject of the instant offense, has been factored into the Offense Level calculations in the related case, #16-20552.  As indicated in the Presentence Report, in determining the Offense Level in the related case, the Probation Department has assessed a 4 level enhancement, under U.S.S.G. 2K2.1(b)(1)(B) as the offense involved between 8 - 24 firearms.  (Presentence Report, p. 15, paragraph 49). Under the controlling statute and relevant Guidelines the sentence imposed for the instant offense should run concurrent to any sentence imposed in the related case.

9

## III.

## <u>CONCLUSION</u>

For all of the foregoing reasons, Defendant respectfully requests this Honorable Court to (1) accept the Rule 11 Plea Agreement, and (2)  impose a sentence of 6 months imprisonment to run concurrent with any sentence imposed in case #16-20552 which is also before this Court.

<div style="margin-left: 50%;">

Respectfully Submitted,

**FEDERAL DEFENDER OFFICE**

/s/ David C. Tholen
Attorney for Defendant
613 Abbott, 5th Floor
Detroit, Michigan   48226
Phone: (313) 967-5542
E-mail: david_tholen@fd.org
P43836

</div>

Date: August 23, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                Cr. No. 17-20235

                    v.                      HONORABLE ARTHUR J. TARNOW

SEBASTIAN GREGERSON,

                    Defendant.

_____/

## **CERTIFICATE OF SERVICE**

       I hereby certify that on August 23, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

                    Cathleen Corken
                    Assistant U.S. Attorney

       I also certify that on this date, the foregoing paper was provided to the following:

                    Julie Grewe
                    U.S. Probation Officer

                    /s/ David C. Tholen
                    Federal Defender Office