UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CR. NO. 16-20552 & 17-20235
                                 HON. TERRENCE G. BERG

SEBASTIAN GREGERSON,

        Defendant.
_____/

## MOTION TO DISMISS VIOLATION #1

NOW COMES the Defendant, SEBASTIAN GREGERSON, through his counsel, DAVID C. THOLEN, of the Federal Community Defender Office, and moves this Honorable Court, to dismiss Violation #1 of the Petition, which alleges the possession of a destructive device or dangerous weapon.   Defendant files a supporting brief and states:

1.     Defendant was charged by Indictment (Cr. No. 16-20552) with Unregistered Possession of a Destructive Device, 18 U.S.C. 3571(d) and 5861(d).   He was also charged by Indictment (Cr. No. 17-20235) with Aiding and Abetting a False Statement During the Purchase of a Firearm, 18 US.C. 922(a)(6).

2.     On August 30, 2017, Defendant was sentenced on both cases.   On Cr. No. 16-20552, he was sentenced to 45 months imprisonment, to be followed by 3 years of supervised release.   On Cr. No. 17-20235, he was sentenced to 9 months imprisonment, followed by 3 years of supervised release.   The Court ordered both sentences to run concurrent to each other.

1

3.  On October 10, 2019, Defendant commenced serving his 3 year term of supervised release.

4.  On June 24, 2021, the Probation Department conducted a court ordered search of Defendant's residence.  That according to the Petition (ECF no. 66), the Probation Department seized the following destructive devices/ dangerous weapons: (1) road spikes, (2) Gerber Survival Knife with sheath, and (3) Ranger knife.  These items form the basis for Charge #1 of the Petition.

5.  Counsel does not believe any of the above objects constitute "a destructive device," or "dangerous weapon," as required to find a violation of charge #1.  Therefore, Violation #1 should be dismissed.

6.  Counsel has sought concurrence in this motion from the Government and the Government does not concur at this time.

WHEREFORE, for all of the foregoing reasons, Defendant respectfully requests this Honorable Court to grant this motion and enter an Order dismissing Violation #1 from the Petition.

Respectfully submitted,

**FEDERALCOMMUNITYDEFENDER**

/s/DavidC.Tholen
DAVID C. THOLEN
613 Abbott, 5th Floor
Detroit, Michigan    48226
(313) 967-5542
E-Mail: david-tholen@fd.org

Date: May 9, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SEBASTIAN GREGERSON,

        Defendant.
_____/

CR. NO. 16-20552 & 17-20235
HON. TERRENCE G. BERG

**BRIEF IN SUPPORT OF**
**MOTION TO DISMISS VIOLATION #1**

**I.**

**BACKGROUND**

Defendant was charged by Indictment (Cr. No. 16-20552) with Unregistered Possession of a Destructive Device, 18 U.S.C. 3571(d) and 5861(d).   He was also charged by Indictment (Cr. No. 17-20235) with Aiding and Abetting a False Statement During the Purchase of a Firearm, 18 US.C. 922(a)(6).

On August 30, 2017, Defendant was sentenced on both cases.   On Cr. No. 16-20552, he was sentenced to 45 months imprisonment, to be followed by 3 years of supervised release.   On Cr. No. 17-20235, he was sentenced to 9 months imprisonment, followed by 3 years of supervised release.   The Court ordered both sentences to run concurrent to each other.

On October 10, 2019, Defendant commenced serving his 3 year term of

supervised release.  On June 14, 2021, the Probation Department conducted a court ordered search of Defendant's residence.  That the Probation Department presented information in support of the search to the Honorable Arthur Tarnow.  Based on the provided information, Judge Tarnow authorized the search.

That according to the Petition (ECF no. 66), the Probation Department seized the following destructive devices/ dangerous weapons: (1) road spikes, (2) Gerber Survival Knife with sheath, and (3) Ranger knife.  These items form the basis for Charge #1 of the Petition.  Counsel does not believe any of the above objects constitute "a destructive device," or "dangerous weapon," as required to find a violation of charge #1.  Therefore, Violation #1 should be dismissed.

## II.

## ARGUMENT

Violation #1 of the Petition alleges that Defendant possessed a "destructive device" or "dangerous weapons," in violation of Standard Condition 10 of his supervised release, based on the Probation Department's seizure of certain items from his residence.

### A.

**The Road Spikes Do Not Constitute a "Destructive Device"**

The Application Notes to USSG Section 1B1.1 set forth the definitions of terms that are used frequently in the Guidelines.  Application Note 1(G) sets forth the definition of "destructive device", as follows:  any article described 26 U.S.C. 5845(f) (including an explosive, incendiary, or poison gas – (i) bomb, (ii) grenade, (iii) rocket

4

having a propellant charge of more than four ounces, (iv) missile having an explosive or incendiary charge of more than one-quarter ounce, (v) mine, or (vi) device similar to any of the devices described in the preceding clauses).

Title 18 U.S.C. 5845(f) states that "destructive device" means (1) any explosive, incendiary, or poison gas (A) bomb, (B) grenade, (C) rocket having a propellent charge of more than four ounces, (D) missile having an explosive or incendiary charge of more than one-quarter ounce, (E) mine, or (F) similar device; (2) any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter, except a shotgun or shotgun shell which the Secretary finds is generally recognized as particularly suitable for sporting purposes; and (3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraphs (1) and (2) and from which a destructive device may be readily assembled. The term "destructive device" shall not include any device which is neither designed nor redesigned for use as a weapon; any device, although originally designed for use as a weapon, which is redesigned for use as a signaling, pyrotechnic, line throwing, safety, or similar device; surplus ordnance sold, loaned, or given by the Secretary of the Army pursuant to the provisions of section 7684(2), 7685, or 7686 of title 10, United States Code; or any other device which the Secretary finds is not likely to be used as a weapon, or is an antique or is a rifle which the owner intends to use solely for sporting purposes.

Under the facts of this case, the road spikes seized from Defendant's residence do not meet either definition of "destructive device." The road spike do not explode or expel any projectile. They are of a completely different nature than any of the listed items.

### B.

### The Knives Do Not Constitute "Dangerous Weapons"

As a starting point, the Application Notes to USSG Section 1B1.1 set forth the definitions of terms that are used frequently in the Guidelines. Application Note 1(E) sets forth the definition of "dangerous weapon," as follows: (i) an instrument capable of inflicting death or serious bodily injury, or (ii) an object that is not an instrument capable of inflicting death or serious  but (I) closely resembles such an instrument; or (II) the defendant used the object in a manner that created the impression that the object was such an instrument.   (e.g. a defendant wrapped a hand in a towel to during a bank robbery to create the appearance of a gun).

Federal courts have frequently addressed the issue whether a defendant's possession of a knife on supervised constitutes violates the "dangerous weapon" condition. Federal courts employ a functional approach to what constitutes a dangerous weapon under the Guidelines and recognize that in the proper circumstances, almost anything can count as a dangerous weapon. United States v. Callahan, 801 F.3d 606, 628 (6th Cir. 2015). However, federal courts have recognized that certain items, such as knives, have dual purposes: legitimate, everyday use v. "protection / threatening" uses. Courts have focused on how a knife was utilized or stored in determining whether is was a

6

"dangerous weapon."   (See <u>United States v. Wallace</u>, 665 Fed. Appx. 261(4th Cir. 2016)(defendant's possession of 3 knives in vehicle along with other burglary tools did not constitute "dangerous weapons"); (<u>United States v. Garcia-Mejia</u>, 394 F.3d 396, 5th Cir. 2004)(defendant would not violate "dangerous weapon" condition by using steak knife at restaurant but would violate condition by carrying knife concealed on his person). Not surprisingly, in cases where a knife was possessed on the defendant's person or where a knife was used to injure or threaten someone, the knife constituted a "dangerous weapon."   See <u>United States v. Pangelinan</u>, 2007 wl 1175033 (Dist Guam); <u>United States v. Bryant</u>, 809 Fed. Appx. 609 (11th Cir. 2020).

When applying these guidelines to the facts of the instant case, neither of the seized knives constitute "dangerous weapons".   It is beyond dispute that both knives were seized during the June 2021 search of Defendant's residence.   They were both recovered in storage areas in the residence.   They were not laying around in plain view and were not in Defendant's physical possession at any time during the search.   Counsel concedes that the knives could be "dangerous weapons" in other circumstances, however, on the facts of this case, they simply do not meet the required definition.

7

## III.

## **CONCLUSION**

WHEREFORE, for all of the forgoing reasons, Defendant respectfully requests this Honorable Court to grant this motion and enter an Order dismissing Violation #1 of the Petition.

                                              Respectfully submitted,

                                              **FEDERALCOMMUNITYDEFENDER**
                                              /s/DavidC.Tholen
                                              DAVID C. THOLEN
                                              613 Abbott, 5th Floor
                                              Detroit, Michigan    48226
                                              (313) 967-5542
                                              E-Mail: david-tholen@fd.org

Date: May 9, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                CR. NO. 16-20552 & 17-20235

                                    HON. TERRENCE G. BERG

SEBASTIAN GREGERSON,

          Defendant.
_____/

## CERTIFICATE OF SERVICE

    I certify that on May 9, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

                Saima Mohsin
                Assistant U.S. Attorney
                211 W. Fort, Suite 2001
                Detroit, Michigan    48226


                /s/DavidC.Tholen
                Federal Community Defender